[No. 29542. Department Two. July 6, 1945.]

SPOKANE COUNTY, *Appellant,* v. THE CITY OF SPOKANE, *Respondent.*[1]

[1]Reported in 160 P. (2d) 612.

*Leslie M. Carroll* and *Hugh H. Evans,* for appellant.

*G. M. Ferris, B. A. Farley,* and *Paul F. Schiffner,* for respondent.

MALLERY, J.—There is no dispute as to the facts in this case. Frank Yuse is a duly elected, qualified, and acting justice of the peace in and for Spokane precinct, Spokane county, Washington, with offices and courtroom at the city hall in the city of Spokane. He is also municipal police judge for the city of Spokane.

Acting as a justice of the peace, Frank Yuse collected fines and forfeitures in numerous state cases which charged violation of the Washington state liquor act. In making return of these collections to the county treasurer as required by law, Frank Yuse indicated on his report that they were funds which were to be credited to the "general fund" of the city of Spokane. In the two-year period preceding the commencement of this action, the county treasurer remitted to the city of Spokane a total of $4,566.50, representing fines and forfeitures collected by Frank Yuse as above stated.

The fines and forfeitures were collected in cases wherein arrests were made by state liquor board inspectors, or by state liquor board inspectors in conjunction with members of the police department of the city of Spokane. In none of the cases did the sheriff of Spokane county or any constable of Spokane county participate in the arrests.

Spokane county made demand for the return of the funds, and upon refusal of the city, commenced this action to recover $4,566.50, together with interest.

The trial court entered formal findings of fact and concluded that the remittances lawfully belonged in the general fund of the city of Spokane for payment of salaries of its officers engaged in the enforcement of the provisions of the Washington state liquor act and entered a judgment dismissing the action.

This case calls for an interpretation of paragraph 1 of § 70 of the Washington state liquor act, Rem. Rev. Stat.

(Sup.), § 7306-79 [P.P.C. § 678-25], which provides as follows:

"1. All county and municipal peace officers are hereby charged with the duty of investigating and prosecuting all violations of this act, and the penal laws of this state relating to the manufacture, importation, transportation, possession, distribution and sale of liquor, and all fines imposed for violations of this act and the penal laws of this state relating to the manufacture, importation, transportation, possession, distribution and sale of liquor shall belong to the county, city or town wherein the court imposing the fine is located, and shall be placed in the general fund for payment of the salaries of those engaged in the enforcement of the provisions of this act and the penal laws of this state relating to the manufacture, importation, transportation, possession, distribution and sale of liquor."

The language of the statute: ". . . all fines imposed for violations of this act . . . shall belong to the county, city or town wherein the court imposing the fine is located . . ." is the source of the problem presented in this case, the court in question being located both in Spokane county and in the city of Spokane. Thus both the county and the city meet the requirement of that particular language of the statute to be eligible to claim the funds. Manifestly the fines in question cannot belong to both. By the nature of things they must go to one or the other, yet because they are both eligible to own them, neither can be eliminated without holding that the words that include them are meaningless, that is to say, without this court judicially repealing them. This we will not do unless compelled by inescapable logic. It is therefore our duty to determine the intention of the legislature from other language in the statute if it is possible to do so.

Two other provisions of the statute should be taken into account. First: "All county and municipal peace officers are hereby charged with the duty of . . . prosecuting all violations of this act. . . ." Second: "all fines . . . shall be placed in the general fund for payment of the salaries of those engaged in the enforcement . . . of this act. . . ."

■ From these we deduce that the legislature intended that municipal officers should be eligible to receive salaries from the fines in question even though they are derived from violations of state law as distinguished from violations of city ordinances. We think the duty to enforce the state law and the right to salaries to be paid out of fines are related even though the statute does not confer jurisdiction upon the municipal police court, as distinguished from a justice court, over violations of the state law.

■ The personnel of the state officers engaged in the enforcement of the act, under the direction of the state liquor board, is not eligible to receive salaries derived from the fines here in question, the state having allocated them to the counties, cities, and towns. We are warranted in inferring that this arrangement was adopted for the purpose of securing local effort, co-operation, and assistance in enforcement work.

Finding, then, that dispostion of the fines was intended as a reward for the efforts of local officers, whether of the county, city, or town, we further find that the legislature accomplished this by a provision for distribution locally, as distinguished from a distribution over a statewide area not limited by the locality of their source.

■ Furthermore, the distribution was intended to be automatic, that is to say, by law rather than by the exercise of discretion by the courts. We hold that the distribution of the fines in question is to be determined as of the filing of the complaint or information from which they are derived. Prior thereto, the enforcement procedure is fluid and discretionary. Thereafter, the die is cast as to the legal procedure to be followed, which includes the disposition of fines collected. If the ordinary, usual, and customary course be followed, cases made by county officers would be filed in a justice or superior court by the prosecuting attorney. City corporation counsel usually file cases involving violations of city ordinances made by police officers in the municipal police court, and cases of violation of state law made by police officers, in the justice of the peace

side of the municipal police court. (It will be remembered that the municipal police judge is also a justice of the peace and that his court quarters are furnished by the city.)

We therefore think that the legislature intended that liquor violation fines collected by a justice of the peace who is a municipal police judge should go to the city and the others to the county.

The judgment is affirmed.

BEALS, C. J., BLAKE, ROBINSON, and SIMPSON, JJ., concur.